No. 595

CHANDLER, et al v. BENNINGTON TP.
(Bd. Ed.) et al.

Ohio Appeals. 5th District. Morrow County.
No. 173. Decided October 25, 1923.

1065. SCHOOLS. — Resolution for bond issue, to be valid, need not state exact place for location of school building.

HOUCK, J.

Chandler and others filed an action to enjoin the Board of Education of Bennington Township from issuing and selling $60,000 of bonds for the purpose of erecting a new school building. Plaintiff claimed that the action of the School Board was illegal in that the order, issued by the Department of Industrial Relations of Ohio to said Board of Education, is not sufficient in law to authorize said Board to construct a new school building in said district. Also that the resolution of said Board to construct a new building was insufficient in law for the reason that it failed to state the exact place in said district that the new building was to be erected. The Common Pleas refused to grant an injunction. The plaintiffs appealed to the Mahoning Appeals. In refusing to issue an order of injunction, the Court of Appeals held:

That the action of the Board of Education was legal in all respects and the Board should not be restrained from issuing and selling the bonds in question. Stinson v. Board of Education, Licking County, Ohio, decided March 10, 1923, followed. Brannon v. Board of Education, 99 O. S. 369 also followed.

Attorneys.—Barry & Wieland, for Chandler, et al.; T. B. Matcer, for Board of Education, et al; all of Mt. Gilead.

---

No. 596

RATTAY v. MILLS

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5718. Decided May 8, 1925.

Judges Richards, Williams and Young, 6th Dist., sitting.

707. LEASES—Liability for commissions to agent, required him to show that he procured a lessee and further to show that the lease had been executed.

YOUNG, J.

Leo Rattay brought his action in the Cleveland Municipal Court against Henry Mills for commission for procuring a lease for premises in said city. Rattay claimed that he negotiated and procured the Motorade Corporation as a lessee for said property, and that said lessee was ready, willing and able to lease the same on terms which were agreeable and acceptable by Mills.

Mills denied that a lease had ever been obtained on terms agreeable to him, but said that at the solicitation of Rattay to make a lease of said premises to the Motorade Co. he (Mills) agreed to pay Rattay a commission of $750, but that negotiations failed and no lease resulted. Judgment in the Municipal Court was for Mills; and error was prosecuted. The Court of Appeals held:

1. In a letter written by Rattay to Mills there is contained th eclause, "when the lease has been executed." Nowhere in the record is there found to be a lease entered into by the Motorade Corporation.

2. In substance Rattay contends that he secured a lease and performed all services required to entitle him to a recovery. We cannot concede this contention in light of all the circumstances and the evidence.

3. If Rattay desired to rely on what he termed sufficient compliance on his part in the performance of the duties imposed in securing a lessee under the alleged agreement, he should have insisted on carrying out of the original contract.

4. If Rattay had any rights they were waived and abandoned by the terms expressed in his letter to Mills.

5. In the instant case the facts and evidence show that not only was there to be a procuring of a lessee, but that the lease should be executed to entitle Rattay to a commission. In this respect he failed to complete the terms of the agreement. Judgment affirmed.

Attorneys—Scott & Bissell, for Rattay; Farrell & Edwards, for Mills all of Cleveland.